# EXHIBIT 2

Exhibit 2



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 20351474**
**Date Processed: 09/06/2019**

**Primary Contact:**   Venessa C. Wickline Gribble
The Kroger Co.
1014 Vine Street
Cincinnati, OH 45202-1100

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas L.P., d/b/a Kroger |
| **Title of Action:** | Creola Cotton vs. Kroger Texas L.P., d/b/a Kroger |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Lamar County District Court, TX |
| **Case/Reference No:** | 88794 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/05/2019 |
| **Answer or Appearance Due:** | by 10:00 a.m. on the Monday next following the expiration date of twenty days after you were served |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Allison J. Capaul<br>214-666-8625 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# CITATION - PERSONAL

**CLERK OF THE COURT**
**SHAWNTEL GOLDEN**
119 N. MAIN ST.
ROOM 405
PARIS, TX  75460

**ATTORNEY FOR PLAINTIFF**
**HONORABLE Allison Capaul**
18601 Lyndon B. Johnson Freeway
Town East Tower, Suite 315
Mesquite, TX 75150

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**
    **"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

**TO:**
**KROGER TEXAS L.P., D/B/A KROGER**
**Through Registered Agent, Corporation Service Company**
**d/b/a CSC – Lawyers Inco.**
**211 E. 7th Street, Suite 620**
**Austin, TX 78701**

GREETINGS:
    You are commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 62nd District Court of Lamar County at the Courthouse in Paris, Texas.

Said petition/pleading was filed on **August 06, 2019.**

The file number of said suit is **Cause No. 88794.**

The style of the case is:

**CREOLA COTTON**
**vs.**
**KROGER TEXAS L.P., D/B/A KROGER**

A copy of the petition/pleading accompanies this citation.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Paris, Texas on this the 6th day of August, 2019.

SHAWNTEL GOLDEN
District Clerk, Lamar County, Texas

By: _____, Deputy

## OFFICER'S RETURN

CAUSE NO. 88794          62nd District Court
CREOLA COTTON
vs.
KROGER TEXAS L.P., D/B/A KROGER

**ADDRESS FOR SERVICE:**
**KROGER TEXAS L.P., D/B/A KROGER**
**Through Registered Agent, Corporation Service Company**
**d/b/a CSC – Lawyers Inco.**
**211 E. 7th Street, Suite 620**
**Austin, TX 78701**

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in
_____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date
of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:
**Name**                          **Date/Time**              **Place, Course and Distance from Courthouse**

_____  _____  _____

*And not executed as to the defendant(s),* _____

The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy     $_____

Total          $_____          _____, Officer

                                  _____, County, Texas

                                  By: _____, Deputy

                                  _____
                                                Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
                (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____.

                                  _____
                                  Declarant/Authorized Process Server

                                  _____
                                  (Id # & expiration of certification)

88794

Lamar County - 62nd District Court

Filed 8/6/2019 3:16 PM
Shawntel Golden
District Clerk
Lamar County, Texas

Jennifer Frazier

CAUSE NO. _____

| | | |
|---|---|---|
| CREOLA COTTON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., D/B/A | § | |
| KROGER | § | |
| Defendant. | § | LAMAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CREOLA COTTON, Plaintiff, and files this, her Original Petition complaining of Defendant KROGER TEXAS L.P., D/B/A KROGER and respectfully shows the Court the following:

## I.
### DISCOVERY CONTROL PLAN

Plaintiff seeks monetary relief over $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff intends to conduct Discovery in this case under Level 2 of Texas Rules of Civil Procedure 190.3.

## II.
### JURISDICTION & VENUE

This Court maintains jurisdiction over Defendant because the torts at issue were committed in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), venue is proper in LAMAR COUNTY, TEXAS because all or a substantial part of the events giving rise to Plaintiff's claim occurred in LAMAR COUNTY, TEXAS.

## III.
### PARTIES

CREOLA COTTON is a resident of Lamar County, Texas.

Defendant, KROGER TEXAS L.P., D/B/A KROGER, is a Corporation who may be served through its' registered agent, Corporation Service Company d/b/a CSC-Lawyers

Inco., located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. *Issuance of Citation is requested at this time.*

## IV.
### BACKGROUND FACTS

On or about January 1, 2019, in Paris, Lamar County, Texas. Plaintiff, CREOLA COTTON would respectfully show the court that she was at a store owned/operated by the Defendant KROGER TEXAS L.P., D/B/A KROGER located at 1310 Clarksville St., Paris, Texas 75460. While on the premises of the Defendant, Plaintiff slipped and fell on a white powdery substance, causing her severe and incapacitating injury. At the time of the injury, the premises were being used as a grocery store by Defendant KROGER TEXAS L.P., D/B/A KROGER.

Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

At the time the injury occurred, Plaintiff was an invitee. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

Defendant failed to maintain and properly inspect the premises. Plaintiff alleges further that Defendant failed to warn the Plaintiff of the dangerous condition on the premises. Defendant had actual and/or constructive notice of the dangerous condition

As a result of the Defendant's negligent conduct, Plaintiff suffered personal injury.

It was the Defendant's, KROGER TEXAS L.P., D/B/A KROGER, negligence and negligence per se, which was the proximate cause of Plaintiff's personal injuries and damages.

## V.
### NEGLIGENCE OF DEFENDANT KROGER TEXAS L.P., D/B/A KROGER

The conduct of Defendant, KROGER TEXAS L.P., D/B/A KROGER, was the proximate causes of Plaintiff's personal injuries in that Defendant KROGER TEXAS L.P., D/B/A KROGER's acts or omissions, constituted negligence in following acts of negligence, to wit:

a.  failing to inspect the premises on a regular basis;

b.  failing to keep the premises safe;

c.  failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;

d.  failing to warn the Plaintiff that a dangerous condition existed on the premises;

e.  failing to adequately repair the dangerous condition that existed on the premises; and

f.  failing to inspect the premises prior to allowing customers and invitees on the premises.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VI.
### JURY DEMAND

Plaintiff requests a jury trial of these matters. Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Petition.

## VII.
### DAMAGES
#### *Actual damages*

Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety. Plaintiff incurred the following actual damages for which they seek recovery:

a.  Medical Expenses: Plaintiff incurred bodily injuries which were caused by the Collision. Plaintiff incurred medical expenses in the past and will incur medical expenses in the future.

b.      Physical Pain: Plaintiff endured severe and constant physical pain in the past and will endure pain in the future.

c.      Physical Impairment: Plaintiff endured physical impairment in the past and will continue to suffer the effects in the future.

## VIII.
### REQUESTS FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX.
### REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Defendant KROGER TEXAS L.P., D/B/A KROGER shall answer the following Requests for Admissions within fifty (50) days of service of this Petition:

a.      Admit that on January 1, 2019, MS. COTTON was an invitee of the KROGER TEXAS L.P., D/B/A KROGER at 1310 Clarksville St., Paris, Texas 75460.

b.      Admit that while shopping at KROGER TEXAS L.P., D/B/A KROGER, MS. COTTON slipped and fell on a substance.

c.      Admit that KROGER TEXAS L.P., D/B/A KROGER was made aware of the incident.

d.      Admit that Defendant is not claiming any negligence or responsibility on the part of Plaintiff with regards to the slip and fall.

## X.
### REQUEST FOR PRODUCTION

PRODUCTION REQUEST NO. 1: Produce a copy of any and all videotapes and/or photographs taken on January 1, 2019 and/or depicting the condition of the store within 24 hours of the alleged incident related to this lawsuit. This request includes any surveillance films and/or videos taken on January 1, 2019.

## XI.
## REQUEST FOR RELIEF

Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use during the trial of this case any of the documents exchanged in this case.

Plaintiff requests that Defendants be cited to appear that upon final trial, and recover from Defendants judgment for:

i.      Actual damages within the jurisdictional limits of the Court;

ii.     Exemplary or punitive damages, from Defendants, in an amount deemed just and fair by the jury;

iii.    Pre-judgment interest at the maximum rate allowed by law;

iv.     Post-judgment interest at the maximum rate allowed by law;

v.      Costs of Court; and

vi.     Such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

FIELDING LAW, PLLC

*/s/ Allison J. Capaul*
MICHAEL S. FIELDING
State Bar No. 24065226
ALLISON J. CAPAUL
State Bar No. 24100072
18601 Lyndon B. Johnson Freeway
Town East Tower, Suite 315
Mesquite, Texas 75150
Telephone:  214.666.8625
Fax:  214.279.6439
eservice@Fieldinglaw.com
**ATTORNEYS FOR PLAINTIFF**

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240



7019 0140 0000 4210 8102



US POSTAGE
$07.45°
First-Class
Mailed From 75240
08/30/2019
032A 0061855100

Del
9/5

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701