UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CREOLA COTTON<br>      Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:19-cv-730 |
| KROGER TEXAS L.P.<br>      Defendant. | §<br>§<br>§ | |

### PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Creola Cotton ("Plaintiff") brings this Amended Complaint against Kroger Texas L.P.("Kroger") as follows:

### Parties

1. Plaintiff is a citizen of Texas.

2. Kroger Texas L.P. ("Defendant") is a business incorporated in the State of Ohio, and may be served through its' registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco., located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### Basis for Jurisdiction

3. The Plaintiff, Creola Cotton, is a citizen of the State of Texas.

4. The Defendant, Kroger Texas L.P. is incorporated under the laws of the State of Ohio and has its principal place of business in the State of Ohio.

5. Plaintiff is alleging damages of $75,000.00 or less, exclusive of interest and costs, because the injuries sustained to Plaintiff and damages sustained do not justify an amount higher than such.

**Factual Allegations**

6. Plaintiff incorporates and realleges herein by reference paragraphs 1 through 5, inclusive, as though set forth in full herein.

7. Defendant is the owner and operator of a store located at 1310 Clarksville St., Paris, Texas 75460.

8. On or about January 1, 2019, Plaintiff was at the above-mentioned store located in Paris, Lamar County, Texas.

9. While on the premises, Plaintiff slipped and fell on a white powdery substance, causing injury to her body.

10. At the time of the injury, the premises were being used as a grocery store by Defendant.

11. Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

12. At the time the injury occurred, Plaintiff was an invitee.

13. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant, and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

14. Defendant failed to maintain and properly inspect the premises. Plaintiff alleges further that Defendant failed to warn the Plaintiff of the dangerous condition on the premises. Defendant had actual and/or constructive notice of the dangerous condition.

15. As a result of Defendant's negligent conduct, Plaintiff fell and suffered personal injury. It was Defendant's negligence and negligence per se, which was the proximate cause of Plaintiff's personal injuries and damages.

## **Claim for Negligence**

16. Plaintiff incorporates and realleges herein by reference paragraphs 1 through 15, inclusive, as though set forth in full herein.

17. The conduct of Defendant was the proximate cause of Plaintiff's personal injuries in that Defendant's acts or omissions constituted negligence.

18. Defendant failed to do the following: properly inspect the premises on a regular basis; keep the premises safe; instruct or train its agents, servants, and employees to maintain a hazard free environment; warn the Plaintiff that a dangerous condition existed on the premises; and adequately repair the dangerous condition that existed on the premises.

19. Each of the above acts and omissions, singularly or in combination with each other was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## **Prayer for Relief**

Plaintiff prays for the following relief:

1. Defendant be ordered to pay Plaintiff for her medical expenses incurred to date and any she will incur in the future;

2. Defendant be ordered to pay Plaintiff for the physical pain she endured in the past and will continue to suffer in the future;

3. Defendant be ordered to pay Plaintiff for the physical impairment she endured in the past and will continue to suffer in the future;

4. Pre-judgment interest at the maximum rate allowed by law;

5. Post-judgment interest at the maximum rate allowed by law;

6. Costs of Court; and

7. Such other and further relief to which Plaintiff may be entitled at law or equity as this Court deems just and proper.

        Respectfully submitted,

        **FIELDING LAW, PLLC**

        /s/ *Clayton Parry*
        CLAYTON PARRY
        State Bar No.24091417
        18601 Lyndon B. Johnson Freeway
        Town East Tower, Suite 315
        Mesquite, Texas 75150
        Telephone:  214.666.8625
        Fax:  214.279.6439
        eservice@Fieldinglaw.com
        **ATTORNEY FOR PLAINTIFF**