# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CREOLA COTTON | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-730 |
| | § | Judge Mazzant |
| KROGER TEXAS L.P., D/B/A KROGER | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Creola Cotton's Motion to Remand (Dkt. #8). Having considered the relevant pleadings, the Court finds that Plaintiff's motion should be denied.

## BACKGROUND

This is a slip-and-fall case. On January 1, 2019, Plaintiff was at Defendant Kroger Texas L.P.'s store (Dkt. #3 at p. 2). While there, Plaintiff slipped on a powdery substance and suffered injuries from her fall, allegedly caused by Defendant's negligence (Dkt. #3 at p. 2).

On August 6, 2019, Plaintiff filed her Original Petition in Lamar County District Court (Dkt. #3). Defendant filed its Original Answer on September 26, 2019 (Dkt. #4). Additionally, Defendant filed its Notice of Removal on October 7, 2019 (Dkt. #1). As a result, on November 6, 2019, Plaintiff filed her Motion to Remand (Dkt. #8). Then, on November 20, 2019, Defendant filed its response (Dkt. #10).

## LEGAL STANDARD

Defendant seeks to retain this case in federal court. A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Defendant has the burden of proving the jurisdictional

amount when opposing a plaintiff's motion to remand. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *See Bosky v. Kroger Tex., LP.*, 288 F.3d 208, 211 (5th Cir. 2002). "[Plaintiff's] claim remains presumptively correct unless [Defendant] can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1412. "The preponderance burden forces [Defendant] to do more than point to a state law that *might* allow [Plaintiff] to recover more than what is pled." *Id*. "[Defendant] must produce evidence that establishes that the actual amount in controversy exceeds [$75,000]." *Id*. "[I]f [Defendant] can show that the amount in controversy actually exceeds the jurisdictional amount, [Plaintiff] must be able to show that, as a matter of law, it is certain that [she] will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *Id.* An "absolute certainty in valuation of the right involved is not required, and a reasonable probability of an amount suffices if the amount can be ascertained pursuant to some realistic formula." *Dreyer v. Jalet*, 349 F. Supp. 452, 465 (S.D. Tex. 1972).

**ANALYSIS**

As a threshold matter, neither party challenges the complete diversity of citizenship requirement. Rather, the sole jurisdictional issue is whether the amount in controversy—$75,000, excluding costs and interest—is met. 28 U.S.C. § 1332.

Here, Plaintiff's Original Petition[1] states that "Plaintiff seeks monetary relief over $75,000, *including* damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney['s] fees" (Dkt. #3 at p. 1 (emphasis added)). Plaintiff contends that remand is warranted because the

---

[1] Plaintiff argues that her Amended Complaint (Dkt. #7) serves to limit the amount in controversy below $75,000 (Dkt. #8 at p. 8). However, once the case is removed to the district court, "later filings [are] irrelevant." *Allen*, 63 F.3d at 1336. Accordingly, the Court does not consider Plaintiff's Amended Petition. Instead, the Court relies on Plaintiff's Original Petition to decide this motion (Dkt. #8).

amount in controversy is not established (Dkt. #8 at p. 7). Notably, her claim for "monetary relief over $75,000" is inclusive—and not exclusive—of costs and interest (Dkt. #8 at p. 7). Thus, Plaintiff claims that the amount in controversy, excluding costs and interest, does not exceed $75,000 (Dkt. #8 at p. 7). Plaintiff also criticizes her own request for exemplary and punitive damages as being without basis (Dkt. #8 at p. 7). So, she argues, those damages should not be included in the amount in controversy[2] (Dkt. #8 at p. 7).

Defendant counters that it is facially apparent from Plaintiff's petition that the amount in controversy likely exceeds $75,000, so remand should be denied (Dkt. #10 at pp. 5–6). Defendant maintains that Plaintiff judicially admitted that the amount in controversy was met when she sought "monetary relief over $75,000" (Dkt. #10 at p. 4). Additionally, Defendant analogizes this suit with several other slip-and-fall cases in which courts found that it was facially apparent that the damages exceeded $75,000 (Dkt. #10 at pp. 5–6). Thus, Defendant asserts that, considering the damages sought by Plaintiff, it is facially apparent that the amount in controversy is met (Dkt. #10 at p. 7).

When, as here, a complaint seeks unspecified damages,[3] a defendant may prove that the amount in controversy meets the jurisdictional requirement "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original));

---

[2] As the Court makes its decision on other grounds, the Court does not reach the issue of whether exemplary or punitive damages are calculated into the amount in controversy.
[3] Plaintiff merely requested a range of damages in the Original Petition (Dkt. #3). Accordingly, Plaintiff did not seek specific, numerical damages. *See Luckett*, 171 F.3d at 298; *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 718 n.1 (E.D. Tex. 2017)

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen*, 63 F.3d at 1335. "Litigants who want to prevent removal must file a binding stipulation or affidavit [explicitly limiting the amount in controversy below the jurisdictional threshold] with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant." *De Aguilar*, 47 F.3d at 1412 (quotations and alterations omitted).

The Court first determines whether it is facially apparent from Plaintiff's petition that the amount in controversy likely exceeds $75,000. Importantly, this decision "is left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996).

To start, Plaintiff admitted that she sought relief of over $75,000, including damages, costs, interest, and attorney's fees (Dkt. #3 at p. 1). Where the plaintiff seeks an amount that is a range of damages, that range may establish that it is facially apparent that the amount in controversy is met. *See Arrigiaga v. Midland Funding LLC*, No. 3:14-CV-04044-M, 2015 WL 567264, at *3 (N.D. Tex. Feb. 11, 2015). For instance, if a petition's entire range exceeds $75,000, then, clearly, it is facially apparent that the amount in controversy is met. *See id.* ("Because [Plaintiff] seeks monetary relief 'over $100,000 but not more than $200,000,' Defendants have [established] that it is facially apparent from the . . . [p]etition that the amount in controversy exceeded $75,000 . . . ."); *cf. Theriot*, 354 F. Supp. 3d at 718 n.1 (holding that the requested relief of "$100,000 or less" did not, by itself, make the action removable).

Here, Plaintiff admits she seeks a range of damages "over $75,000" (Dkt. #3 at p. 1). Thus, the petition's entire range exceeds $75,000. Furthermore, because the petition's entire range

4

exceeds $75,000, this supports a finding that it is facially apparent that the amount in controversy is met. However, assuming *arguendo* that the exclusion of costs and interest from Plaintiff's claimed relief makes a significant difference in the amount in controversy, the Court's analysis does not stop here. Instead, the Court will analyze additional evidence to determine whether Plaintiff's claims exceed the threshold amount.

Next, the Court considers the type and severity of Plaintiff's alleged injuries. Plaintiff claims she suffered "severe and incapacitating" "bodily injuries" as the result of a slip and fall at Defendant's store (Dkt. #3 at pp. 2–3). Consequently, Plaintiff seeks recovery for medical expenses, physical pain, and physical impairment (Dkt. #3 at pp. 3–4). Specifically, Plaintiff's petition states:

> Medical Expenses: Plaintiff incurred bodily injuries which were caused by the Collision [sic]. Plaintiff incurred medical expenses in the past and will incur medical expenses in the future.
>
> Physical Pain: Plaintiff endured severe and constant physical pain in the past and will endure pain in the future.
>
> Physical Impairment: Plaintiff endured physical impairment in the past and will continue to suffer the effects in the future.

(Dkt. #3 at pp. 3–4).

When a plaintiff claims slip-and-fall damages, such as medical expenses, physical pain and suffering, and disability and disfigurement, a recovery exceeding $75,000 "could reasonably be expected." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (listing slip-and-fall damages exceeding $75,000); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 840 (E.D. Tex. 2008) (citations omitted); *see also Cordova v. Fleet Source Transp. Servs., Inc.*, No. C-06-349, 2006 WL 2706770, at *3 (holding that when the plaintiff's petition alleged "severe bodily injuries" and "great physical and mental pain" and other damages, the petition supports federal

5

jurisdiction). Additionally, other severe slip-and-fall damages, like functional impairments, support "a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Here, Plaintiff suffered equally severe slip-and-fall damages, including past and future medical expenses, past and future physical pain and suffering, and past and future physical impairment. Consequently, given the nature of Plaintiff's alleged damages and a review of analogous cases, "a recovery in excess of $75,000.00 could reasonably be expected." *Bourne*, 582 F. Supp. 2d at 840 (citations omitted). Accordingly, this supports a finding that it is facially apparent that Plaintiff's claims likely exceed $75,000.

Finally, the Court analyzes Plaintiff's choice to conduct discovery under Level 2 (Dkt. #3 at p. 1). The Court considers this choice "informative but not dispositive" of whether the amount in controversy is met. *See Moore v. Gladiator Events, LLC*, No. 3:15-CV-01877-M, 2015 WL 5459625, at *6 (N.D. Tex. Sept. 15, 2015). In *Moore*, the court specified:

> A plaintiff who fails to "affirmatively plead" that she is seeking $100,000 or less by choosing to conduct discovery under a Level 1 discovery plan is not affirmatively pleading that $100,000 is actually in controversy. However, the fact that [the plaintiff] did not seek to utilize the expedited discovery procedures available to Level 1 plaintiffs seeking less than $100,000 under the Texas rules is relevant to determining the amount in controversy.

*Id*. Therefore, because Plaintiff's choice to conduct Level 2 discovery is relevant here, the Court finds that this choice further supports a finding that it is facially apparent that Plaintiff's claims likely exceed $75,000.

In sum, there are three factors which support a finding that the jurisdictional amount is facially apparent from Plaintiff's petition. First, Plaintiff admitted that she seeks recovery exceeding $75,000. Second, the damages she seeks from her slip-and-fall reasonably allow for a recovery that exceeds the jurisdictional amount. And finally, Plaintiff's choice to conduct discovery under Level 2 further shows that the claims likely exceed $75,000. Based on these

considerations, the Court finds that it is facially apparent from Plaintiff's Original Petition that the amount in controversy likely exceeds $75,000, excluding costs and interest. Thus, the amount in controversy requirement is met.

Having found that the amount in controversy is satisfied, the Court "must consider whether Plaintiff has shown that it is legally certain that her recovery will not exceed the jurisdictional minimum." *Bourne*, 582 F. Supp. 2d at 840 (citing *De Aguilar*, 47 F.3d at 1412; *Gebbia*, 233 F.3d at 883; *Allen*, 63 F.3d at 1335). This may be proven by filing a binding stipulation or affidavit before removal or by citing to a state statute which legally limits the plaintiff's recovery. *Id*. Here, Plaintiff did neither. Therefore, Plaintiff did not show that it is legally certain that her recovery will not exceed $75,000. Accordingly, because Defendant established that the amount in controversy is met and Plaintiff failed to show that her recovery is limited, remand is improper.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #8) is hereby **DENIED**. **SIGNED this 17th day of December, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE